UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA S. RUSSELL,

    Plaintiff,                                   CIVIL ACTION NO. 13-13749

  v.

                                     DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                     MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

### II.    REPORT

#### A.    Introduction and Procedural History

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on September 24, 2010, alleging that she had been disabled and unable to work since May 1, 2002, at age 33, due to fibromyalgia,

obstructive pulmonary disease, depression and anxiety. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on October 13, 2011, before Administrative Law Judge (ALJ) Earl Witten. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work where she would not have to bend, twist, turn, crawl, squat, kneel, reach overhead or climb. The Administrative Law Judge further restricted claimant to simple, repetitive work involving no contact with the public and only limited contact with co-workers. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 42 years old at the time of the administrative hearing. She had a limited education, and had no relevant past work experience (TR 581-582). Plaintiff alleged that she was totally disabled as a result of diffuse pain radiating throughout her entire body (TR 585). Claimant doubted that she could ever work due to the severe nature of the pain (TR 588). Other impairments which allegedly prevented her from working included shortness of breath upon exertion, mental depression and generalized anxiety (TR 590-591).

A Vocational Expert, Sandra Steele, indicated that Plaintiff had no relevant past work experience. The witness testified that, if claimant were capable of light work, there were numerous unskilled bench assembly, sorter-packer, laundry work and visual inspection jobs

that she could perform with minimal vocational adjustment. These simple, routine jobs did not require repetitive bending, twisting, turning, crawling, squatting, kneeling, reaching overhead or climbing. They had no contact with the public, and only limited contact with co-workers (TR 602-606).

### B.     ALJ Findings

The Administrative Law Judge found that Plaintiff was impaired as a result of fibromyalgia, obstructive pulmonary disease, depression and anxiety, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented her from working at jobs requiring her to repetitively bend, twist, turn, crawl, squat, kneel, reach overhead or climb. The ALJ further restricted claimant to simple, repetitive work involving no contact with the public, and only limited contact with co-workers. Nevertheless, the Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert (TR 12-19).

### C.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial

evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity.  She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations.  Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain or mental difficulties.

**D.     Discussion and Analysis**

After review of the record, I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work where she would not have to repetitively bend, twist, turn, crawl, squat, kneel, reach overhead or climb.  Contrary to Plaintiff's assertion, the medical evidence does not support her allegations of totally disabling joint pain or mental depression.

The medical record contains little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to fibromyalgia.  Claimant has never been hospitalized, nor has she received aggressive treatment for the condition.  Examining physicians reported no significant abnormalities (TR 351-354, 376-380, 423, 503). One treating physician, Dr. Abou-Chakra, did not even place restrictions on claimant ability to perform normal daily activities.  The doctor instead encouraged her to take less pain medication (Vicodin) (TR 376-378).

The medical record contains no evidence of significant side-effects from pain medications. Significantly, no doctor declared her to be totally and permanently disabled. While the subjective nature of fibromyalgia does not usually lend itself to objective medical verification, the ALJ did not rely solely on the lack of objective medical support in determining that Plaintiff was not disabled.

Despite allegations that she suffered from severe pain radiating throughout her body, the claimant was able to perform a wide range of robust activities of daily living. Plaintiff reportedly performed chores, exercised, cared for herself and her daughter, drove and played board games. In fact, she told her social worker that the "quality and frequency of her activities of daily living were good". (TR 471-75). While claimant maintains that the Administrative Law Judge improperly equated this with the ability to work, the ALJ appropriately contrasted these activities with Plaintiff's allegations that she had to "lie down for ten hours a day," could "only walk a short distance," and could only "sit and stand for short periods" (TR 14). See Warner v. Commissioner, 375 F.3d 387, 392 (6th Cir. 2004) ("the [ALJ] justifiably considered [the plaintiff's] ability to conduct activities of daily life activities in the face of his claim of disabling pain"). The ALJ reasonably accounted for claimant's periodic joint pain by restricting her to slow paced light work that did not require frequent crouching, crawling, stooping, climbing or balancing.

Contrary to Plaintiff's assertion, the issue is not whether the ALJ properly labeled her impairments as severe or non-severe, but whether the Law Judge adequately included all functional limitations from those impairments into his residual functional capacity (RFC) evaluation. In the instant case, the claimant has failed to point to any medical opinion, or other evidence, demonstrating additional work-related limitations caused by those conditions allegedly ignored by the Law Judge. Considering the totality of the medical record, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent,

severe, totally disabling symptoms stemming from her joint pain and emotional difficulties[1] were not fully credible.

It is the rare case, indeed, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with

---

[1] While Plaintiff does not contend that the ALJ erred in evaluating her mental impairments, the ALJ appropriately relied on the findings and opinions of mental health examiners and a social case workers to determine her residual functional capacity (TR 396, 474).

her significant impairments[2], the Vocational Expert testified that there were numerous unskilled bench assembly, sorter-packer, laundry work and visual inspection jobs that she could still perform with minimal vocational adjustment. These simple, routine jobs did not require repetitive bending, twisting, turning, crawling, squatting, kneeling, reaching overhead or climbing. They had no contact with the public, and only limited contact with co-workers (TR 602-606). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes

---

[2] The Administrative Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by her joint pain and depression. The ALJ reasonably determined that claimant's on-going joint discomfort limited her to simple, unskilled, routine type jobs that did not require frequent bodily movements(TR 12-19). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        s/ *Charles E Binder*
        CHARLES E. BINDER
Dated: August 8, 2014        United States Magistrate Judge